**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>　　　　　Plaintiff(s),<br>　v.<br>CHARLES R. BREYER, District Judge, United States Distrct Court for the Northern District of California<br><br>　　　　　Defendant(s).<br>_____/ | CASE NOs. 5:14-cv-80214 EJD;<br>5:14-cv-80215 EJD<br><br>**ORDER DENYING LEAVE TO FILE COMPLAINTS** |
| KUANG-BAO P. OU-YOUNG,<br><br>　　　　　Plaintiff(s),<br>　v.<br>BETH L. FREEMAN, District Judge, United States Distrct Court for the Northern District of California<br><br>　　　　　Defendant(s).<br>_____/ | |

　　　Plaintiff Kuang-Bao P. Ou-Young ("Plaintiff") is subject to a pre-filing order which requires him to obtain leave of court before initiating new litigation. See Docket Item No. 40 in Case No. 3:13-cv-04442 EMC. Presently before the court are two Complaints submitted by Plaintiff. This court reviews the Complaints to "determine whether Plaintiff has stated a potentially cognizable claim in a short, intelligible and plain statement." Id.

1    Plaintiff has not done so.  He seeks to assert claims against two federal judges - Judge
2 Charles R. Breyer and Judge Beth Labson Freeman - for "obstruction" pursuant to 18 U.S.C. § 1509.
3 But Plaintiff cannot state a cognizable claim under that criminal statute because it neither provides
4 nor implies a private right of action.  See generally, Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.
5 1980).  Moreover, civil liability cannot be imposed on Judge Breyer and Judge Freeman for the
6 judicial acts alleged.  Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (explaining that
7 "[a] judge is generally immune from a civil action for damages" for acts done in a judicial capacity,
8 no matter how erroneous or injurious it may be).  Thus, judicial immunity would preclude these
9 lawsuits even if Plaintiff had invoked a statute which allows for private enforcement.

10    For these reasons, the court finds that the instant Complaints fall within the scope of
11 pleadings barred by the pre-filing order.  Accordingly, leave to file these Complaints is DENIED.

**IT IS SO ORDERED.**

Dated:  July 29, 2014


EDWARD J. DAVILA
United States District Judge

2
CASE NOs. 5:14-cv-80214 EJD; 5:14-cv-80215 EJD
ORDER DENYING LEAVE TO FILE COMPLAINTS